■ In the Matter of the Claim of SONIA FARBER, Respondent, v. HARBOR SHOES COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appellants appeal from an award in a heart case which established accident and death resulting therefrom. The decedent, who had been suffering from a pre-existing heart condition, was a shoe salesman working for the employer herein. On February 1, 1957, there was a heavy snowstorm as the result of which business was very slow and the decedent, together with others, spent most of the day shifting shoe boxes to various locations. His wife testified when he arrived home that evening he was ashen white, complained of pains in his chest, and he told her of the unusual work he had been doing at the store on

that day. He ate very little, went to bed early and the next morning his wife suggested that he not go to work. That day, Saturday, they were busy in the store and while in the performance of his duties he collapsed, was taken in an ambulance to a hospital where he died on February 25, 1957. Certain employees of the store testified as to the type of work which the decedent did on the days involved and the board determined that as a result of the extra exertion on both dates, he sustained an accidental injury. The cause of death resulting from the heart attack was a myocardial coronary infarction. The autopsy performed on February 25 established that the infarct was about three weeks old and the doctor for the claimant testified that the activities which decedent performed on February 1 and 2 aggravated the underlying coronary condition and precipitated the condition which caused his death. The doctor for the carrier admitted that the decedent had suffered an acute coronary occlusion on February 2, 1957 but said it was due to natural progression of a pre-existing condition. The board has resolved this factual medical question in favor of the claimant and there is substantial testimony to support its finding. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson and Herlihy, JJ., concur; Reynolds, J., dissents, and votes to reverse.